FILED
RICHARD W. NAGEL
CLERK OF COURT
6/21/22

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTOINE DRAINES,<br><br>Defendant. | CASE NO.  3:22-cr-71<br><br>JUDGE  Thomas M. Rose<br><br>INFORMATION<br>18 U.S.C. §§ 1343 & 2 |

THE UNITED STATES ATTORNEY CHARGES:

COUNT 1

[18 U.S.C. §§ 1343 & 2]

I.  INTRODUCTION

1.  During at least the period of June through December 2020, Defendant ANTOINE DRAINES controlled and operated Freedom for Living Property Management, LLC ("Freedom for Living"), an Ohio limited liability company that owned, and/or served as the landlord of, numerous residential rental properties located in the Southern District of Ohio in and around the City of Dayton.

2.  Among these properties were residences for which the tenants received housing subsidies through the housing choice voucher program (the "HCV Program"), a federal program designed to assist low-income families, the elderly, and the disabled in affording decent, safe, and sanitary housing.  In essence, the HCV Program pays a portion of the participants' monthly rent, allowing them long-term access to housing they would not be able to afford based on their income alone.  Under the HCV Program, which is commonly referred to as "Section 8," housing choice vouchers ("HCVs") are administered locally by public housing agencies, which receive federal

funds from the U.S. Department of Housing and Urban Development.  Generally speaking, the local public housing agencies are responsible for paying rental subsidies directly to landlords, and the participating individuals and families pay the remainder of the rent.

3. During the period relevant to this Information, Miami Valley Community Action Partnership ("MVCAP") was an Ohio non-profit organization with offices in the Southern District of Ohio, including one in Montgomery County.  MVCAP's mission was, and continues to be, to work in partnership with local communities to eliminate the causes and conditions of poverty and to promote individual independence and self-sufficiency.  MVCAP, which is not the public housing agency for Montgomery County, ran an emergency services program that helped people pay the rent on their homes when facing immediate, urgent, and short-term needs.  For example, a tenant facing imminent eviction could seek assistance from MVCAP to pay back rent.  MVCAP's emergency services program was separate and apart from the HCV Program (which was intended to ensure access to housing in the long term).

4. In March 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was signed into law.  One in a series of federal laws passed in response to the COVID-19 crisis, the CARES Act was intended to address the pandemic's vast economic consequences, including the broad housing instability caused or exacerbated by limitations on renters' ability to work due to the spread of SARS-CoV-2.

5. During the course of the global COVID-19 pandemic, MVCAP received federal relief funds to distribute through its emergency services program to tenants struggling to pay rent on their homes.

6. As a general matter, the process for applying for emergency rental assistance from MVCAP for a given tenant involved, among other things, the landlord's electronic submission of

a landlord-statement form directly to MVCAP. The form included blanks for certain information, such as the tenant's name, the address of the rental property, the monthly rent, the number of months that the tenant was behind, any late fees, and the total amount owed. The form specifically asked whether the tenant "receive[d] rent assistance." At the end of the form was a signature line for the landlord, above which appeared the following language: "I certify that this information is true and accurate and provided in connection with request of [*sic*] financial assistance for the above named tenant. Deliberate misrepresentation may subject me to prosecution under applicable State and Federal law."

7. In the typical case, following receipt of the landlord-statement form and review and approval of the application materials, MVCAP would send a physical check directly to the landlord to cover the approved amount of rental assistance. The check was intended to pay for rent (or late fees) that the tenant could not cover and that the landlord would not otherwise have received from another source, such as the HCV Program.

II. THE SCHEME TO DEFRAUD

8. Between a date unknown, but at least by in or around June 2020, and continuing until at least in or around December 2020, in the Southern District of Ohio, Defendant ANTOINE DRAINES knowingly devised, executed, and participated in a scheme to defraud MVCAP and to obtain money – namely, rental assistance funds – by means of materially false and fraudulent pretenses, representations, and promises and omission and concealment of material facts.

9. In basic terms, the scheme involved lying to MVCAP through the submission of materially false and misleading documents so that Freedom for Living and DRAINES could collect rental assistance funds that were not actually needed, or were not actually used, to cover an existing tenant's rental obligations. Through this scheme, DRAINES, acting with intent to defraud, was

3

effectively able to collect illicit excess rent on certain properties that were owned or managed by Freedom for Living, thereby diverting funds from MVCAP that could have been used to support renters facing housing insecurity as a result of the COVID-19 pandemic.

10. As part of the scheme, DRAINES knowingly misrepresented to MVCAP that some of Freedom for Living's tenants were not receiving other rental assistance, when, in fact, they were Section 8 recipients whose rent was partially paid with HCVs. Specifically, DRAINES submitted certain materially false landlord-statement forms in which he checked the "No" box when asked whether the tenants "receive[d] rent assistance," even though he knew that Freedom for Living was receiving Section 8 funds for those tenants. On some of the forms, DRAINES fraudulently provided a "Total Amount Owed" that included allegedly delinquent rent that, in reality, already had been paid through Section 8 vouchers. In so doing, DRAINES sought funds to pay rent that already was, or already would have been, covered through another funding source.

11. In connection with the scheme, DRAINES also deliberately made materially false and misleading statements to MCVAP about the identities of the tenants allegedly living at certain properties for which rental assistance was sought. For example, on certain landlord-statement forms, DRAINES fraudulently provided the names of individuals who did not, in fact, reside at the listed properties. By seeking funds for non-tenants, DRAINES effectively invented fictitious rental obligations that did not warrant the payment of emergency assistance from MVCAP.

12. In devising and executing the scheme, DRAINES acted with intent to defraud, and he sought to deprive MVCAP of rental assistance money that it would not otherwise have paid to Freedom for Living.

III. <u>THE WIRE COMMUNICATION</u>

13. On or about the date listed below, in the Southern District of Ohio, Defendant ANTOINE DRAINES, for the purpose of executing the scheme described above, transmitted by means of wire communication in interstate commerce the writings, signs, signals, pictures, and sounds described below:

| COUNT | DATE | COMMUNICATION |
| --- | --- | --- |
| ONE | September 18, 2020 | Email from DRAINES to MVCAP attaching landlord-statement form for M.B. |

All in violation of 18 U.S.C. §§ 1343 and 2.

KENNETH L. PARKER
UNITED STATES ATTORNEY

/s/ George Painter
GEORGE PAINTER (0097271)
BRENT G. TABACCHI (IL 6276029)
Assistant United States Attorneys